UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WARREN S. WHITLOCK,<br>8 Bryn Mawr Court<br>Albany, NY 12211,<br><br>Plaintiff,<br><br>v.<br><br>RYAN D. McCARTHY,<br>U.S. Secretary of the Army<br>101 Army Pentagon<br>Washington, DC 20310-0101,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**
(Employment Discrimination)

**Introduction**

1. Plaintiff Warren S. Whitlock brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, and 42 U.S.C. § 1981a, to remedy acts of employment discrimination perpetrated against him by the United States Department of the Army ("Army"). Plaintiff contends that senior management at the Department of the Army – a department within the Executive Branch of the Government of the United States headed by defendant – specifically, Diane Randon, a white female temporarily assigned as Acting Principal Deputy Assistant Secretary for Manpower and Reserve Affairs, discriminated against him because of his race (African American) and his sex (male) by unfairly subjecting him to disparate and abusive treatment, treatment unlike that which she provided to his white and his female colleagues – all SES-level officials in M&RA, where Mr. Whitlock was the only African American male at the SES 2 level,

serving as the Deputy Assistant Secretary of the Army for Diversity and Leadership. Further, Mr. Whitlock contends in this civil action that Ms. Randon's discriminatory animus toward him – coupled with the discriminatory animus of others with in the Army both at and below Ms. Randon's level – ultimately led to a proposal to terminated his employment on bogus misconduct grounds, and in doing so, Ms. Randon and others were also motivated by a desire to retaliate against him for his having brought and maintained charges of discrimination against Ms. Randon. Moreover, Mr. Whitlock also alleges in this action that Army upper management affirmed the proposal to terminate plaintiff, and removed Mr. Whitlock from his SES position with the Army and from the federal service, on both racial discriminatory grounds and on grounds of retaliation for his having charged the Army and its official, Diane Randon, with employment discrimination. In any case, as a consequence of these discriminatory/retaliatory actions, Mr. Whitlock has been made to suffer loss of pay and related benefits *e.g.*, retirement, health insurance), the destruction of his career, as well as the destruction of his personal and professional reputation, leading to enormous personal and professional embarrassment and humiliation, and loss of enjoyment of life.

## Jurisdiction

2.   This Court has jurisdiction over the subject matter of this civil action pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972 and the Civil Rights Act of 1991 ("Title VII"), 42 U.S.C. § 2000e-16(c).

## Exhaustion of Administrative Remedies

3.   Plaintiff has exhausted his available administrative remedies on all Title VII claims raised in this complaint as follows:

(a)   Having initiated the EEO complaint process at the Department of the Army by contacting an EEO counselor on January 5, 2018, plaintiff timely filed a formal administrative EEO

complaint (designated Agency EEO Complaint No. ARCEHECSA18JAN00975) on June 15, 2018. This administrative EEO complaint concerned the pre-removal mistreatment of plaintiff on account of his race (African American) and sex (male), and was amended to add a Title VII claim of retaliation and to complain about later acts of discrimination and retaliation, including, without limitation, initiating investigations of plaintiff on bogus charges, wrongfully detailing him out of his role as Deputy Assistant Secretary for Diversity and Leadership and his office in that position at the Pentagon and moving him to a non-supervisory, unclassified position (without SES duties) located within the Center for Military History at Ft. McNair in Washington, D.C., and proposing his removal from his SES position and from the federal service. No investigation of this amended formal EEO complaint has ever been completed, and no final agency decision ("FAD") has to date been issued with regard to this complaint though more than 180 days has elapsed since the formal complaint and its amendments were lodged with the Department of the Army.

(b) On February 12, 2019, plaintiff filed a "mixed case" appeal with the U.S. Merit Systems Protection Board ("MSPB") of Department of the Army decision to terminate his SES employment and removing him from the federal service effective January 19, 2019 (MSPB Appeal No. DC-0752-19-0288-I-2). An initial decision on this appeal was issued on November 26, 2019, and it became the final decision of the MSPB on December 31, 2019, less than 30 days from the filing of this complaint.

(c) Accordingly, this civil action is being filed both (a) more than 180 days after the filing of the above-noted and as yet undecided amended EEO administrative complaint Agency No. ARCEHECSA18JAN00975 and (b) within 30 days of final decision of the MSPB on plaintiff's above-noted "mixed-case" Appeal No. DC-0752-19-0288-I-2.

## Venue

4.      Venue is proper in this judicial district as plaintiff was employed by the U.S. Department of the Army within the District of Columbia, records pertaining to plaintiff's employment are maintained by the Department of the Army in this judicial district, and but for the principle decisions adverse to plaintiff's employment that are the subject of this civil action, plaintiff would have been working for the Department of the Army in the District of Columbia – this judicial district.

## Parties

5.      Plaintiff is an African American male citizen of the United States and of the State of New York. At all times relevant to the allegations contained herein, plaintiff was employed by the United States Department of the Army as the Deputy Assistant Secretary of the Army for Diversity and Leadership, an Senior Executive Service Tier 2 ("SES 2") position from which he was involuntarily terminated, which termination is the last of the discriminatory / retaliatory acts raised in this complaint.

6.      Ryan D. McCarthy is currently the Secretary of the Army and, as such, heads the United States Department of the Army, which is a department within the Executive Branch of the Government of the United States that has employed more than 500 persons in each of the last 20 weeks. Mr. McCarthy is being sued here in his official capacity only.

## Statement of Facts

7.      Plaintiff graduated from Princeton University with a Bachelor of Arts in English in 1981. In 2003, he graduated from Columbia University with a Master of Science in Real Estate Development. He served as the Acting Executive Director of the Harlem Community Development Corporation (1995-1996), and as the Director of the Office of Civil Rights for the State Department

of Transportation (2009-2011), both of which were agencies of the government of the State of New York. He also served as an official of the City of New York, first as a Senior Project Manager with the New York City Economic Development Corporation (1989-1992), and later as the First Deputy Commissioner of the New York City Community Development Agency (1994-1995), as well as in private industry at Drexel Burnham, a investment bank (1986-1989), and for Columbia University as Director of Construction Coordination (2002-2009), before being appointed to the Senior Executive Service ("SES") with the Government of the United States at the Federal Highway Administration where he served as Associate Administrator for Civil Rights (2011-2016).

8. In May of 2016, plaintiff was appointed as the Deputy Assistant Secretary of the Army for Diversity and Leadership, a career SES 2 position in the Army's Manpower and Reserve Affairs Division which is headed by an Assistant Secretary of the Army. He was the only African American male Deputy Assistant Secretary in the Manpower and Reserve Affairs Division, and he was brought into that job specifically in order to revitalize the equal employment opportunity and diversity programs, programs which had languished for many years.

9. Notwithstanding the weaknesses in his 29 member staff at Diversity and Leadership, plaintiff resolved to gain an understanding of the EEO and diversity programs and improve them both within his Diversity and Leadership organization and, more importantly, in the Army commands that looked to his organization for leadership and guidance. Even within his first six months on the job, plaintiff was having a positive impact at in the Army's various commands, not just at the highest levels there, but most particularly among the equal opportunity and diversity units in those separate commands. Indeed, plaintiff's annual performance appraisal for his first period as Deputy Assistant Secretary reflects his initial accomplishments in this regard and the esteem in

which he was held by the then Principal Assistant Secretary, his immediate supervisor, and the Assistant Secretary.

10.   Unfortunately, these initial accomplishments were attained despite the efforts of some of plaintiff's GS-15 level heads of key branches within the Diversity and Leadership organization, who opposed him and sought to frustrate plaintiff's efforts to improve the programs' effectiveness at every turn. One GS-15, Seema Salter, an African American women who was the long-time chief of the policy branch in Diversity and Leadership, and designated "deputy" to the Deputy Assistant Secretary in the organization as plaintiff found it, was a particular problem as she opposed plaintiff's leadership almost from the start and even sought to ridicule plaintiff personally to the Diversity and Leadership staff and to the EEO office staffs in the Army commands, a situation the possibility of which plaintiff had been warned by his superiors when he first took over as the head of the Diversity and Leadership organization. Nevertheless, plaintiff continually sought to work with the staff he had inherited at Leadership and Diversity, even Ms. Salter, giving her and them the benefit of the doubt at many turns, restructuring the areas of responsibility where he could in an effort to gain their confidence and harnessing their knowledge and abilities, in order to bring her and the staff in general in-line with the needs of the programs in his charge, and thus improve the performance of these programs.

11.   Although he enjoyed initial success in moving the programs forward despite internal opposition within his Diversity and Leadership organization – particularly from Seema Salter, who, though a person with historic knowledge, was jealous of her position in the Diversity and Leadership organization, felt threatened by plaintiff as a highly educated and effective African American man from outside the organization – plaintiff's real difficulties began with the detailing of Diane Randon, a white female, into the position of "Senior Official Acting as Principal Deputy Assistant Secretary

of the Army for Manpower and Reserve Affairs (plaintiff's immediate supervisor) in January of 2017, an SES position for which Ms. Randon had no prior background or experience – not having served previously within Manpower and Reserve Affairs and having come from an SES facilities management position at field commands As noted, plaintiff was the only African American man on the M&RA management team – *i.e.,* the executives who reported to Diane Randon. From the very outset, Ms. Randon treated him much worse than any one of the other SESers on the M&RA management team – this although he has been a top performer prior to her arrival as his immediate superior and she had had no prior dealings with plaintiff at all until she was made in effect the Acting Principal Deputy Assistant Secretary for Manpower and Reserve Affairs in January of 2017. Indeed, in retrospect, it is clear that Ms. Randon from the start was seeking to set plaintiff up for failure with a goal to purge him from his position – an effort that was motivated by the fact that plaintiff is a African American man holding an important SES level position in the Department of the Army.

12. Ms. Randon's campaign against plaintiff on account of his being an African American man in a prominent position within the Department of the Army began with her effort to abuse and embarrass him in front of a subordinate and an outside consultant in a January 2017 meeting, and came to the following acts (among others):

(a) falsely accusing plaintiff of mismanaging an award's nomination process and a conference at which the awards are to be given, and circumventing Army protocols by initiating two unauthorized investigations into plaintiff's conduct and his relationship with his staff on the basis of these false accusations – an investigation she gave to her special assistant, a white female Army general officer (who had provided racist commentary about Mr. Whitlock's intellegencein one of her report recommendations);

(b) manipulating plaintiff's staff known to be hostile to him – particularly Seema Salter – for the purpose of causing him difficulties and provoking further hostility toward him by his staff;

(c) falsely accusing plaintiff of admitting to have intentionally altered the official 2017 performance rating of Seema Salter when she knew he had said it resulted from an inadvertent error on his part;

(d) Utilizing the known and abusive hostility of Seema Salter towards plaintiff, preventing plaintiff from speedily and completely rectifying the erroneously submitted 2017 performance rating by directing Ms. Salter not to sign a replacement rating (rewarding Salter with an unearned "outstanding" rating for 2017 for her cooperation in bringing plaintiff down;

(e) Rating plaintiff's performance in 2017 at the lowest level of any Senior Executive at the Pentagon based solely on her knowingly false view of his treatment of his subordinate Seema Salter; and

(f) Referring plaintiff without required approval to the Office of Inspector General for investigation for his alleged conduct of intentionally altering the official 2017 performance rating of Seema Salter based on his admission to having done so when she knew he had made no such admission and, in fact, insisted that the submission resulted from an inadvertent error, and then falsely testifying before Inspector General personnel regarding plaintiff's conduct, all in an effort to obtain his removal from his position and from the federal service for misconduct.

All of which led to the Office of Inspector General investigators – headed by a white man – to erroneously conclude that plaintiff had indeed engaged in knowing misconduct with regard to altering the 2017 Seema Salter performance rating.

13. On January 5, 2018, plaintiff initiated a complaint of race and sex discrimination with regard to the actions taken by Diane Randon, and an EEO counselor discussed these accusations of

race and sex discrimination against her by plaintiff with Ms. Randon shortly after it was initiated.

14. Upon management proposing the removal of plaintiff from his SES position and from the federal service – a proposal made by the Army's Auditor General, an official who did not know plaintiff and who, like Diane Randon, was a white female SES 3, and based on the erroneous Inspector General's findings – Army management detailed plaintiff out of his position as Deputy Assistant Secretary for Diversity and Leadership to an unclassified non-supervisory position located at Ft. Leslie McNair in the District of Columbia, a position without prescribed SES duties, and forbad him from returning to his office at the Pentagon. This had the intended affect of cutting plaintiff off from access to his records, as well as from potential witnesses who could have supported his account of events – in fact, making him a pariah among his staff and colleagues.

15. Although he mounted as strong an opposition to the proposed removal as his severely limited access to records and potential witnesses would allow, Department of the Army nevertheless removed plaintiff from his SES position and from the federal service by decision dated January 8, 2019, a decision made by another white SES 3 official and ultimately based on the false contention of Diane Randon that Mr. Whitlock had intended to improperly alter his 2017 rating of Seema Salter, and admitted as much to her, and had then been untruthful to her and to the Inspector General in denying that intent. This decision was made as an ongoing act of race and sex discrimination against plaintiff, but also – and perhaps primarily – as an act of retaliation against him for his having made and pursued claims of race and sex discrimination with regard to the treatment accorded hin by Diane Randon.

## Statement of Claim

### Claim I – Race and Sex Discrimination

16. As previously stated herein above in paragraph nos. 8 – 15, defendant, through subordinate Department of the Army management, has discriminated against plaintiff on the basis of his race and/or his sex with regard to his employment.

17. As a consequence of such race and/or sex based discrimination, plaintiff has suffered and continues to suffer loss of pay and career damage, as well as personal and professional humiliation, and other emotional injury, as well as diminution in the enjoyment of life.

### Claim II – Retaliation

18. As previously stated herein above in paragraph nos. 12 – 15, defendant, through subordinate Department of the Army management, has retaliated against plaintiff because of his having complained of discrimination on the basis of his race and/or his sex with regard to his employment.

19. As a consequence of such unlawful retaliation for plaintiff's civil rights activity as was taken by defendant, plaintiff has suffered and continues to suffer loss of pay and career damage, as well as personal and professional humiliation, and other emotional injury, as well as diminution in the enjoyment of life.

## Prayer for Relief

20. Plaintiff requests that the Court advance this case on the calendar and find that, in the treatment accorded plaintiff and in terminating his employment, defendant discriminated against him on the basis of his race and sex, and/or in retaliation for his having complained of such discrimination, all in violation of Title VII of the Civil Rights Act, as amended, and order the following relief:

(a) defendant to reinstate plaintiff to his position as the Deputy Assistant Secretary of the Army for Diversity and Leadership (or its current equivalent), SES II, retroactive to January 18, 2019;

(b) defendant to alter performance appraisals given plaintiff as an SES 2 employee for 1016-2017 and 2017-2018 to an overall level 5 rating, and retroactively provide plaintiff with any and all bonuses and pay increases resulting from such an excellent rating level, with interest thereon;

(c) defendant to provide plaintiff with all pay increases, both merit and statutory, to which he would have been entitled as an SES II performance in an outstanding manner since January 2019;

(d) defendant to provide plaintiff with payment of full back pay and other benefits (including restoration and crediting of both annual and sick leave, and awards of merit pay and bonuses), as a result of the above-ordered retroactive reinstatement, alteration of performance appraisal, and merit and statutory pay increases, with interest thereon;

(e) defendant to pay to plaintiff the sum of $300,000.00 in compensatory damages suffered as a result of the discrimination and retaliation taken against him, plus interest thereon;

(f) defendant to correct all official records of the Department of the Army, including plaintiff's official personnel file ("OPF") to reflect that the relief ordered by the Court in this civil action and to reflect that the termination of plaintiff, and the proposal that produced it, have been voided *ab initio*, and that the Inspector General's report regarding plaintiff's conduct is to have no further negative upon plaintiff or his career;

(g) defendant to refrain from any future acts of discrimination and/or retaliation against plaintiff;

(h) defendant to pay plaintiff the costs of bringing and maintaining this civil action and the administrative charges which preceded it and of opposing the proposal to remove him from his position, including reasonable attorneys' fees, pursuant to 42 U.S.C. 2000e-5(k), with interest thereon; and,

(i) in addition, the Court will order defendant to provide plaintiff with such other and further relief as the interests of justice may require.

### Jury Demand

21. Plaintiff hereby requests a jury trial on all issues of fact, including the measure of damages.

Respectfully submitted,

_____
David H. Shapiro
D.C. Bar No. 961326
J. Cathryne Watson
D.C. Bar No. 1032640
SWICK & SHAPIRO, P.C.
1101 15th Street, N.W., Suite 205
Washington, DC 20005
Tel. 202-842-0300
Fax 202-842-1418
Email - dhshapiro@swickandshapiro.com
jcwatson@swickandshapiro.com

Attorneys for Plaintiff

## Verification

I hereby verify that the facts stated in the foregoing complaint are true and correct to the best of my knowledge, information, belief and recollection.

26 Jan 2020
Date

Warren S. Whitlock
Plaintiff