UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WARREN S. WHITLOCK, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 20-00234 ABJ |
| RYAN D. McCARTHY, Secretary of the Army, | ) |
| Defendant. | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR TO TRANSFER VENUE TO THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA**

**Introduction**

Plaintiff Warren S. Whitlock brought this action to remedy acts of employment discrimination perpetrated against him by the United States Department of the Army ("Army"). Plaintiff contends that defendant discriminated against him because of his race (African American), his sex (male), and because of his complaints of such discrimination, by subjecting him to disparate and abusive treatment and, most significantly, terminating him from his Senior Executive Service ("SES") position and from the federal service entirely. Specifically, in his most critical claim made in this action, Mr. Whitlock alleges that the Army's upper management proposed and decided to terminate him, and removed him from both his Senior Executive Service position with the Army and from the federal service

altogether, on both racial discriminatory grounds and on grounds of retaliation for his having charged the Army and its official, Diane Randon, with employment discrimination.

Rather than address these allegations of unlawful discrimination and retaliation, defendant has moved to dismiss or transfer Mr. Whitlock's case to another jurisdiction. However, as described more fully below, venue is proper in this district because Mr. Whitlock was working in the District of Columbia at the time his termination was both proposed and when the decision was made to end his employment. In fact, he spent the last ten months of his SES employment with the Army assigned to a position in the District of Columbia, and was in fact terminated from that position. Accordingly, his case is properly before this Court and defendant's motion should be denied in its entirety.

## Relevant Facts[1]

In May of 2016, during the Obama administration, Mr. Whitlock was appointed as the Deputy Assistant Secretary of the Army for Diversity and Leadership, an SES level 2 ("SES 2") position in the Department of the Army's Manpower and Reserve Affairs Division. He was the only African American male Deputy Assistant Secretary in the Manpower and Reserve Affairs Division, and he was brought into that job in order to revitalize the equal employment opportunity and diversity programs throughout the Army's various commands.

---

[1] As Defendant has not addressed the substantive allegations in Mr. Whitlock's Complaint, plaintiff presents only the facts that are relevant to determining whether the District of Columbia is an appropriate venue for this case to be heard, all of which have been gleaned from the complaint.

Mr. Whitlock successfully served in his position until Diane Randon, a white female, was detailed into the position of "Senior Official Acting as Principal Deputy Assistant Secretary of the Army for Manpower and Reserve Affairs" (plaintiff's immediate supervisor) in January of 2017.

Ms. Randon immediately took issue with her only black male subordinate on becoming his acting supervisor in January 2017, and, after a poisonous year with her as his supervisor – one which saw him lodge a race and sex discrimination complaint against her due to the treatment he received – on March 16, 2018, he was transferred away from her to an SES position in the Office of Administrative Assistant to the Secretary, Center of Military History, located at Fort Leslie McNair in Washington, D.C.  After Mr. Whitlock worked in that job in the District of Columbia for some six months, he was issued a Notice of Proposed Removal.  While that proposed removal was pending, Mr. Whitlock continued to be assigned to the SES position in the Center of Military History at Fort McNair in the District of Columbia.  Indeed, he worked in that position in Washington, D.C. until his ordered termination on January 19, 2019.  Thus, Mr. Whitlock was assigned at Fort McNair on the day of his ordered firing, and had been assigned there for the ten months immediately preceding the order terminating his employment with the Army, including at the time his firing was proposed.

## Argument

**I. Venue is Proper in the District of Columbia Under the Title VII Venue Provisions.**

Venue In a Title VII action, venue is proper

> "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice."

42 U.S.C.S. § 2000e-5(f)(3). This Court has previously held that venue is proper in the district in which an employee worked at the time of his termination, even if the majority of his employment was not at that location. *See James v. England*, 332 F. Supp. 2d 239, 251 (D.D.C. 2004).

The decision in *James* is particularly instructive. In that Title VII case, the plaintiffs had worked in Virginia for most of their careers, but the Court held that venue was nevertheless proper in the District of Columbia because they had each spent the last three months of their employment at the Washington Navy Yard, which is located in the District of Columbia. *Id.* ("[M]ost of the plaintiffs had already been transferred to the Navy Yard [in Washington, D.C.] prior to the July 1, 2001 effective date of the RIF, most in or near April 2001."). Similarly, Mr. Whitlock worked his final ten months in Washington, D.C. (at Fort McNair), and was fired from that posting. Notably, Mr. Whitlock worked in Washington, D.C. for many more months than had the plaintiffs in *James*.

To be sure, here venue might also be appropriate in the Eastern District of Virginia, as plaintiff initially suffered actionable discrimination at the hands of defendant's management while at the Pentagon – which is just outside Washington, D.C. – for some 14 months (from January 2017 to March 2018) prior to be reassigned by the Army to an SES position at Ft. McNair. However, as our Circuit has consistently held, venue in one jurisdiction does not preclude venue also resting in an alternative jurisdiction. *See United States v. North*, 910 F.2d 843, 912 (D.C. Cir. 1990) ("Venue may lie in more than one district."); *see also Reiffin v. Microsoft Corp.*, 104 F. Supp. 2d 48, 52 (D.D.C. 2000) ("In assessing the convenience to the parties [in the context] of the two potentially proper venues, the court recognizes that the plaintiff's choice of forum is usually accorded substantial deference in the venue analysis.").

As Mr. Whitlock was reassigned by the Army to an SES position located at Ft. McNair in the District of Columbia for the last ten months of his employment, during which he received the notice of proposed removal and from which his employment was terminated by decision on that proposal in early 2019 – the two most critical acts of alleged discrimination/retaliation for which remedy is sought in this civil action – venue is proper in the District of Columbia under the first and third prongs of the Title VII venue provision. 42 U.S.C.S. § 2000e-5(f)(3) (venue may be found "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed . . . or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice.").

Accordingly, wherever else venue may be found to lie for this civil action, venue is certainly proper in the U.S. District Court for the District of Columbia, the Court where plaintiff filed suit; and as previously noted, a plaintiff's choice of venue among competing places where venue would be proper is to be "accorded substantial deference." *See supra.* 104 F.Supp. 2d at 52.

**II.     The District of Columbia is not a Forum Non-Convenient for the Litigation of this Case.**

The litigation of this matter in the United States District Court for the District of Columbia does not in the least present a forum non-convenience issue.  In this regard, it hardly bears mention that the judicial district to which defendant seeks to have this action transferred, the Eastern District of Virginia, is locally sited at its Alexandria Division, which is just across the Potomac River within a few miles from the site of this U.S. Courthouse in the District of Columbia.  Accordingly, in practicality, it is virtually as convenient to litigate this case here in this Court – plaintiff's chosen venue and where venue surely exists – as in the jurisdiction to which defendant would have the case transferred.

<u>**Conclusion**</u>

For the foregoing reasons, defendant's motion to dismiss or to transfer the case to the U.S. District Court for the Eastern District of Virginia (Alexandria Division) should be denied in its entirety as venue properly lies in District of Columbia, the place in which plaintiff chose to file suit, and it is fully as convenient a forum as any.  Accordingly, this litigation should proceed on the merits in this jurisdiction.

        Respectfully submitted,

        /S/
_____
David H. Shapiro
D.C. Bar No. 961326
J. Cathryne Watson
D.C. Bar No. 1032640
SWICK & SHAPIRO, P.C.
1101 15th Street, N.W.
Suite 205
Washington, DC 20005
Tel. 202-842-0300
Fax 202-842-1418
Emails - dhshapiro@swickandshapiro.com
        jcwatson@swickandshapiro.com

Attorneys for Plaintiff