# UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| **WARREN S. WHITLOCK,**        ) <br><br>              **Plaintiff,**     ) <br><br>              **v.**           ) <br><br>    ) <br><br> **JOHN E. WHITLEY,** <br>  **Acting Secretary of the United States Army,**   ) <br><br>            **Defendant.**     ) | **Civil Action No: 1:21-cv-00008-AJT-JFA** |

## PLAINTIFF'S OBJECTIONS TO DEFENDANT'S FIRST
## SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Plaintiff, by and through his below-signed, and pursuant to Local Rule 26( C) and Rules 26 and 34(b) of the Federal Rules of Civil Procedure, interposes the following objections to defendant's first set of requests for production of documents:

Objection to Request No. 7:   Plaintiff objects to this document request as it is over-broad seeking as it does "*any and all documents that relate, refer to, or support any of the allegations* proffered in your complaint in this action."

Objection to Request No. 9:   Plaintiff objects to this document request to the extent that it seeks discovery of information and documents protected by the attorney-client privilege and/or the attorney work product privilege.

Objection to Request No. 10:  Plaintiff objects to this document request as it is over-broad seeking as it does "*any and all documents . . . related to the adverse employment action(s)* that form(s) the basis of your complaint in this action."  In addition, plaintiff objects to document

request to the extent it seeks discovery of information and documents protected by the attorney-client privilege and/or the attorney work product privilege.

Objection to Request No. 11:  Plaintiff objects to this document request as it is over-broad seeking as it does "any and all documents related to any "protected activity" . . . in which you engaged during your employment."  Plaintiff also objects to this document request as it seeks utterly irrelevant documents and information as plaintiff was never an employee of the "Department of State."

Objection to Request No. 13: While plaintiff is not necessarily adverse to signing a release for medical information, no such release form was "attached to these request" as stated by defendant in this document request, and plaintiff is not about to presume draft such a release for defendant. Also, any documents produced to defendant or his counsel pursuant to any release must be copied to plaintiff's counsel as well.

Objection to Request No. 15:  Plaintiff objects to this document request as it is over-broad and overly intrusive seeking as it does "any and all tax returns – both federal and state – for the years 2016 to present."  Plaintiff does not object to providing any W-2s, Forms 1099, or other indicia of earned income that served to replace his salary from the Department of the Army after his employment there was terminated, but as to such information while he was employed by the Department of the Army, defendant has all these records that relate to earnings from such employment and, like plaintiff's tax returns, any income not associated with such Army employment is utterly irrelevant to this action and an intrusion into plaintiff's privacy.  The same is true for any unearned income and other financial information that is contained in tax returns as regards the periods before, during and after plaintiff's stint with the Department of the Army, and

accordingly, plaintiff objects to producing any of these tax returns.

Objection to Request No. 16:  Plaintiff objects to this document request as it seeks items that are

more readily available to defendant than to plaintiff, in that it seeks production of "pay stubs for

the pay periods covering [plaintiff's time employed by the Department of the Army}."  As the

government transmitted salary payments via direct deposit into employees' bank accounts, the

'pay stubs" that in the past accompanied pay checks for federal workers did not do so in the

period 2016 – 2018.  To the extent that such "pay stubs" exist, the government – *i.e.*,

Department of the Army – has such records, not plaintiff.


    /s/ *Ellen K. Renaud*

Ellen K. Renaud
Virginia Bar No. 47326


    /s/ *David H. Shapiro*

David H. Shapiro
SWICK & SHAPIRO, P.C.
1101 15th Street, N.W.
Suite 205
Washington, DC 20005
Tel. (202) 842-0300
Fax (202) 842-1418
Emails - ekrenaud@swickandshapiro.com
       dhshapiro@swickandshapiro.com

Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT I have caused the foregoing Plaintiff's Objections to

Defendant's First Set of Requests for Production of Documents to be served on defendant by

emailing it to his counsel of record, Assistant U.S. Attorneys for the Eastern District of Virginia

Kimere J. Kimball and Matthew J. Mezger at  kimere.kimball@usdoj.gov and

matthew.mezger@usdoj.gov respectively on this 10th  day of March 2021.


        /s/ *Ellen K. Renaud*
        Ellen K. Renaud
        SWICK & SHAPIRO, P.C.