**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| WARREN S. WHITLOCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:21-cv-0008 (AJT/JFA) |
| | ) | |
| CHRISTINE WORMUTH, Secretary of the Army,[1] | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**PUBLIC MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO FILE *EX PARTE*, UNDER SEAL PORTIONS OF THE DECLARATION OF FORMER ARMY GENERAL COUNSEL JAMES McPHERSON**

For the reasons set forth in detail below, Defendant moves the Court pursuant to Local Civil Rule 5(C), for leave to file under seal certain portions of the Declaration of James McPherson, and also permit its filing *ex parte*. Mr. McPherson's redacted declaration has been filed as an exhibit to the memorandum in support of Defendant's Motion for a Protective Order.

**BACKGROUND**

This civil action alleges two Title VII claims with respect to actions taken by officials of the Department of the Army. On May 21, 2021, upon Plaintiff's filing of his proposed trial exhibit list and exchange of proposed trial exhibits, Defendant discovered that Plaintiff intended to use an attorney-client communications and deliberative process privileged memorandum between the then-Deputy Under Secretary of the Army ("DUSA") and the then-General Counsel and Acting Under Secretary of the Army that Plaintiff apparently had obtained outside of discovery as his proposed trial exhibit (hereinafter, "PEX 20"). Despite repeated emails and a telephone conference

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Christine Wormuth is automatically substituted for John E. Whitley, the former Acting Secretary of the Army.

to meet and confer regarding the privileged memorandum, PEX 20, Plaintiff refuses to withdraw

PEX 20 as a trial exhibit and destroy all copies of that privileged document.  On June 4, 2021

Defendant moved for a protective order pursuant to Federal Rule of Civil Procedure 26(c)(1)(A)

to prevent Plaintiff from disclosing, using, or relying on this privileged memorandum.

Attached to Defendant's memorandum in support of her motion for a protective order is a

declaration from James McPherson, former Under Secretary of the Department of the Army and

General Counsel of the Department of the Army, to provide the Court additional detail about

Defendant's proper assertions of attorney-client privilege and deliberative process privilege over

the document at issue here.   Because the declaration contains sensitive and confidential

information about attorney-client privileged conversations between Mr. McPherson and his client,

Defendant requests to file an unredacted version of this declaration under seal and *ex parte*.

Defendant has attached a redacted version of this declaration to his publicly-filed memorandum.

## ARGUMENT

In light of the fact that Mr. McPherson's declaration includes detailed information about

confidential attorney-client privileged communications he had with his client, Defendant requests

that the Court grant leave for Defendant to file the unredacted version of the declaration under

permanent seal and permit its consideration *ex parte*.

Public access to judicial records is "protected both by the common law and the First

Amendment." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). "The

common law presumes a right of the public to inspect and copy 'all judicial records and

documents.'" *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)).

However, the common law presumption in favor of public access can be overcome by a

showing that a litigant has "some significant interest that outweighs the presumption." *Rushford*

*v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). Likewise, litigants can overcome

the First Amendment right of public access to documents by showing that "denial of access [is] . . . necessitated by a compelling government interest and narrowly tailored to serve that interest." *Id.* Before ordering the sealing of documents, a court "must give the public notice of the request to seal and a reasonable opportunity to challenge the request; it must consider less drastic alternatives to sealing; and if it decides to seal it must state the reasons (and specific supporting findings) for its decision and the reasons for rejecting alternatives to sealing." *Id.*; *see also Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). This Court has incorporated these "*Ashcraft* factors" into its local rules. *See* LOC. CIV. R. 5.[2]

Defendant respectfully submits that all relevant standards, as well as the "*Ashcraft* factors," are satisfied by the circumstances presented here, and that there is a "compelling government interest" that outweighs the presumption of public access to this single document. *Rushford*, 846 F.2d at 253. First, by filing this public memorandum, Defendant has complied with the first *Ashcraft* factor, which requires public notice and opportunity to comment. Should Plaintiff, or any interested member of the public object to the instant motion, they may raise their objections with the Court.

Second, Defendant is offering confidential information about Mr. McPherson's communications with his client to aid the Court in making a determination as to whether the attorney-client privilege and the deliberative process privilege were properly asserted as to the

---

[2] Local Rule 5(C) requires that the party moving to seal documents provide:

> (1) [a] non-confidential description of what is to be sealed; (2) [a] statement as to why sealing is necessary, and why another procedure will not suffice; (3) [r]eferences to governing case law; and (4) [u]nless permanent sealing is sought, a statement as to the period of time the party seeks to have the matter maintained under seal and as to how the matter is to be handled upon unsealing.

The rule also provides that the moving party must provide a proposed order reciting "the findings required by governing case law to support the proposed sealing."

document that Plaintiff intends to use as an exhibit at trial (i.e., PEX 20). Sealing and *ex parte* filing are necessary to protect this information from both public dissemination and further dissemination of privileged information to Plaintiff and thereby preserve the privilege that Defendant asserts. Courts have often accepted such declarations not only under seal, but also *ex parte*, in such circumstances. *See, e.g.*, *Franzone v. Lask*, No. 14-3043, 2015 WL 1379066, at *7 (S.D.N.Y. Mar. 26, 2015) ("*In camera* review is 'a practice both long-standing and routine in cases involving claims of privilege.'" (quoting *In re Grand Jury Subpoenas Dated Mar. 19, 2002 & Aug. 2, 2002*, 318 F.3d 379, 386 (2d Cir. 2003))); *Zivali v. AT&T Mobility LLC*, No. 08-10310, 2010 WL 5065963, at *1 (S.D.N.Y. Dec. 6, 2010) (permitting party to file "any *ex parte* declarations necessary to establish the basis for the claims of privilege"); *Comcast of Illinois X, LLC v. Multivision Elecs., Inc.*, No. 06-675, 2007 WL 1527849, at *2 (E.D. Mo. May 23, 2007) (noting court considered *ex parte* and under seal affidavit containing information about a substantive communication with counsel); *Fed. Election Comm'n v. Christian Coal.*, 178 F.R.D. 61, 64–65 (E.D. Va.), *order aff'd in part, modified in part*, 178 F.R.D. 456 (E.D. Va. 1998) ("[T]he court, over objection by the FEC, allowed CBN to submit *ex parte* for *in camera* inspection a Declaration from a C& L officer who provided additional clarifying information about the documents.").

Defendant respectfully requests that the Court seal this document permanently and consider it *ex parte* in order to preserve the confidentiality of the communications described therein.

*Ex parte* consideration is warranted to avoid any possible implication that Defendant has waived the attorney-client privilege or deliberative process privilege by virtue of obtaining the information from a third party who has no authority to waive the privileges. Although Plaintiff has already seen the privileged information in PEX 20, Defendant should not have to risk Plaintiff arguing that Defendant has voluntarily and intentionally re-disclosed the information through submission of the McPherson declaration. Moreover, certain privileged information in

the declaration—for example, information contained in paragraphs 8, 12, and 13 concerning the ongoing context of the particular communication addressed in PEX 20, which began when Mr. McPherson served *only* as the General Counsel and continued through to his tenure as *both* General Counsel and Acting Under Secretary—has not previously been disclosed to Plaintiff, inadvertently or otherwise.

Accordingly, Defendant submits that the procedures proposed in this motion constitute the least drastic means available, in that only the portions of the Declaration of James McPherson, which contain confidential and privileged information produced solely to aid the Court in its consideration of whether a protective order should issue over PEX 20, will be provided to the Court under seal and *ex parte*, and the remainder of the documents Defendant is submitting in support of her motion for a protective order will be publicly available.

Dated: June 4, 2021                                  Respectfully submitted,

                                                     RAJ PAREKH
                                                     ACTING UNITED STATES ATTORNEY

                                                     *By*:_____/s/_____
                                                     KIMERE J. KIMBALL
                                                     MATTHEW J. MEZGER
                                                     Assistant United States Attorneys
                                                     Office of the United States Attorney
                                                     Justin W. Williams U.S. Attorney's Building
                                                     2100 Jamieson Avenue
                                                     Alexandria, Virginia 22314
                                                     Tel:    (703) 299-3763/3741
                                                     Fax:    (703) 299-3983
                                                     Email: kimere.kimball@usdoj.gov
                                                             matthew.mezger@usdoj.gov
                                                     *Counsel for Defendant*