IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

| | |
|---|---|
| WARREN S. WHITLOCK, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CHRISTINE WORMUTH, Secretary of the Army,[1] ) <br> ) <br> ) <br> Defendant. ) | Case No. 1:21-cv-0008 (AJT/JFA) |

## PUBLIC MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO SEAL PORTIONS OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR A PROTECTIVE ORDER

For the reasons set forth in detail below, Defendants move the Court pursuant to Local Civil Rule 5(C), for leave to permanently seal portions of Plaintiff's opposition to Defendant's motion for a protective order (Dkt. No. 46).

## BACKGROUND

This civil action alleges two Title VII claims asserting that the Army discriminated and retaliated against Plaintiff in certain personnel actions taken with respect to him. Upon the filing of Plaintiff's trial exhibit list and exchange of trial exhibits in advance of the Final Pre-Trial Conference on May 20, 2021, Defendant became aware for the first time that Defendant had in his possession an attorney-client communication and deliberative process privileged memorandum between then-Deputy Under Secretary of the Army Thomas Kelly and then-

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Christine Wormuth is automatically substituted for John E. Whitley, the former Acting Secretary of the Army.

1

General Counsel James McPherson regarding consideration of certain personnel actions with respect to a third individual who is not a party to this lawsuit, which Plaintiff had identified as his trial exhibit PEX 20.  Dkt. No. 28.  Defendant immediately sought the return and/or destruction of PEX 20 and Plaintiff's withdrawal of that document from his exhibit list, but Plaintiff adamantly refused.  On June 4, 2021, Defendant moved for a protective order seeking the destruction of PEX 20, and noticed the hearing for the following Friday, June 11, 2021.  Dkt. Nos. 36, 38.  Plaintiff moved for a continuance of the hearing to June 18, 2021, and to secure Defendant's consent to that motion, agreed not to further disseminate PEX 20 in the interim.  Dkt. No. 44 at 2.  On June 9, 2021, this Court noted the "serious nature of [Defendant's] motion [for a protective order]," and continued the hearing to June 18, 2021, but expressly ordered that "[u]ntil the motion for a protective order is decided, plaintiff and plaintiff's counsel shall not disseminate or use PEX 20 in any manner whatsoever."  Dkt. No. 45 at 2.  Despite this explicit Court order, on June 13, 2021, Plaintiff explicitly quoted from the privileged information in PEX 20 in a filing *on the public docket*.  Because Plaintiff's quotations and summaries of PEX 20 reveals privileged information, Defendant respectfully requests that the Court place Plaintiff's opposition (Dkt. No. 46) under seal and replace it with the redacted version Defendant has attached as an exhibit to Defendant's motion to seal (Dkt. No. 49-2).

## ARGUMENT

Public access to judicial records is "protected both by the common law and the First Amendment." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). "The common law presumes a right of the public to inspect and copy 'all judicial records and documents.'" *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)).

However, the common law presumption in favor of public access can be overcome by a showing that a litigant has "some significant interest that outweighs the presumption." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). Likewise, litigants can overcome the First Amendment right of public access to documents by showing that "denial of access [is] . . . necessitated by a compelling government interest and narrowly tailored to serve that interest." *Id.* Before ordering the sealing of documents, a court "must give the public notice of the request to seal and a reasonable opportunity to challenge the request; it must consider less drastic alternatives to sealing; and if it decides to seal it must state the reasons (and specific supporting findings) for its decision and the reasons for rejecting alternatives to sealing." *Id.*; *see also Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). This Court has incorporated these "*Ashcraft* factors" into its local rules. *See* LOC. CIV. R. 5.[2]

Defendant respectfully submits that all relevant standards, as well as the "*Ashcraft* factors," are satisfied by the circumstances presented here, and that there is clearly a "compelling government interest" that outweighs the presumption of public access to this single document. *Rushford*, 846 F.2d at 253. First, by filing this public memorandum, Defendant has complied with the first *Ashcraft* factor, which requires public notice and opportunity to comment. Should

---

[2] Local Rule 5(C) requires that the party moving to seal documents provide:

> (1) [a] non-confidential description of what is to be sealed; (2)[a] statement as to why sealing is necessary, and why another procedure will not suffice; (3)[r]eferences to governing case law; and (4)[u]nless permanent sealing is sought, a statement as to the period of time the party seeks to have the matter maintained under seal and as to how the matter is to be handled upon unsealing.

The rule also provides that the moving party must provide a proposed order reciting "the findings required by governing case law to support the proposed sealing."

Plaintiff, or any interested member of the public object to the instant motion, they may raise their objections with the Court.

Second, sealing is necessary to protect the Army's deliberative process and attorney-client privilege-protected communication from further disclosure. To the extent Plaintiff claims that by virtue of his possession of this memorandum, the information has been subject to an authorized public disclosure, it is his burden to show, among other things, that the memorandum has been made public through an official and documented disclosure. *Fitzgibbon v. CIA*, 911 F.2d 755, 765 (D.C. Cir. 1990); *Ashfar v. Dep't of State*, 702 F.2d 1125, 1130, 1133 (D.C. Cir. 1983); *see also Alfred A. Knopf, Inc. v. Colby*, 509 F.2d 1362, 1370 (4th Cir. 1975)). Not only can Plaintiff not demonstrate any such authorized public disclosure, but the only two individuals who have ever even been able to authorize such a disclosure—the current Senior Official Performing the Duties of the Under Secretary of the Army Christopher Lowman and former Under Secretary of the Army James McPherson—explicitly averred that they have *never* authorized its disclosure. *See* Dkt. No. 37-12 ¶ 8; Dkt. No. 37-14 ¶ 14.

As fully explained in Defendant's memorandum in support of its motion for a protective order, PEX 20 is a privileged attorney-client communication between the Army (through its representative then-DUSA Kelly) and the Army's counsel (then-General Counsel McPherson, in his capacity as the General Counsel of the Army) in which then-DUSA Kelly sought then-General Counsel McPherson's legal advice regarding the legal implications of the performance of a certain third-party (not a party to this lawsuit) with respect to certain personnel decisions under consideration for her, which was deliberative and pre-decisional to determination of any ultimate personnel decisions and which occurred outside the presence of any but then-DUSA

Kelly and then-General Counsel McPherson.  Thus, PEX 20 is protected by both the attorney-client communications privilege and the deliberative process privilege.  *See In re Allen*, 106 F.3d 582, 600 (4th Cir. 1997) (identifying the elements of attorney-client communications privilege); *Solers, Inc. v. Internal Revenue Serv.*, 827 F.3d 323, 329 (4th Cir. 2016) (identifying criteria for the deliberative process privilege).

    Sealing is necessary in order to protect this information from any further public dissemination beyond that which Plaintiff's filing has already caused and thereby preserve Defendant's privilege.  Courts have regularly sealed information protected by both the deliberative process and attorney-client privileges.  *See, e.g.*, *Swimways Corp. v. Aqua-Leisure Indus., Inc.*, 2017 WL 3262135 at *3 n.5 (E.D. Va. July 31, 2017) (noting that billing records with potential attorney-client privileged information would remain under seal); *Thomas v. Cumberland Cnty. Schools*, 2011 WL 779805, at *1 (E.D.N.C. Feb. 28, 2011) (sealing plaintiff's former attorney's declaration to protect attorney-client privilege); *The Guidiville Rancheria of Cal. v. U.S.*, 2013 WL 6571945 (N.D. Cal. Dec. 13, 2013) (granting motion to seal document protected by the attorney-client and deliberative process privileges).

    Defendant respectfully requests that the Court seal these documents permanently to preserve the confidentiality of the discussions and advice contained therein.  Accordingly, Defendant submits that the procedures proposed in this motion constitute the least drastic means available, in that Defendant seeks only to seal those portions of Plaintiff's opposition (Dkt. No. 46) that directly quote from PEX 20 and/or summarize PEX 20 in such a way to reveal the privileged deliberations contained in PEX 20.  This option also constitutes the most conservative option because it removes *only* the privileged information.  Moreover, sealing only those

portions of Plaintiff's opposition that disseminates Defendant's privileged information would bring Plaintiff's opposition in line with this Court's order precluding Plaintiff's dissemination or use of PEX 20.  Dkt. No. 45 at 2.  Defendant does not object to the remainder of Plaintiff's opposition remaining publicly available, and has attached a proposed redacted version of Plaintiff's opposition to its motion to seal (Dkt. No. 49-2).

Dated: June 16, 2021	Respectfully submitted,

RAJ PAREKH
ACTING UNITED STATES ATTORNEY

*By*:_____/s/_____
KIMERE J. KIMBALL
MATTHEW J. MEZGER
Assistant United States Attorneys
Office of the United States Attorney
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel:    (703) 299-3763/3741
Fax:   (703) 299-3983
Email: kimere.kimball@usdoj.gov
           matthew.mezger@usdoj.gov
*Counsel for Defendant*